# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 27, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

160431-2 & (49)(50)

MARK SLIS and 906 VAPOR,
       Plaintiffs-Appellees,

v

STATE OF MICHIGAN and DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
       Defendant-Appellant.

SC: 160431
COA: 351211
Ct of Claims: 19-000152-MZ

_____/

A CLEAN CIGARETTE CORPORATION,
       Plaintiff-Appellee,

v

GOVERNOR, STATE OF MICHIGAN, and
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
       Defendants-Appellants.

SC: 160432
COA: 351212
Ct of Claims: 19-000154-MZ

_____/

On order of the Court, the motion for immediate consideration of the motion for stay is GRANTED. The application for leave to appeal prior to decision by the Court of Appeals is considered, and it is DENIED, because the Court is not persuaded that the question presented should be reviewed by this Court before consideration by the Court of Appeals. The motion for stay is DENIED.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's decision to deny defendants' bypass application. Instead, I would grant defendants' request for a bypass of the Court of Appeals pursuant to MCR 7.305(B)(4) and thereby expedite final resolution of this dispute.[1]

---

[1] I would grant under MCR 7.305(B)(4)(a), viewing a delay in the adjudication of this case as likely to cause "substantial harm" to the interests of the separation of powers, see Const 1963, art 3, § 2. However, I note that the values reflected in MCR 7.305(B)(4)(b), expediting appeals from rulings of invalidity of legislative and executive branch actions,

On September 18, 2019, the Michigan Department of Health and Human Services (DHHS), acting pursuant to MCL 24.248(1) and with the Governor's consent, issued emergency rules (rules enacted without complying with the traditional rulemaking procedures of the Administrative Procedures Act, MCL 24.201 *et seq*.) governing the sale and advertisement of flavored nicotine vapor products in Michigan. The rules took effect 14 days later. Plaintiffs, retailers of flavored nicotine vapor products, then brought this action seeking to invalidate the rules and enjoin their enforcement. On October 15, 2019, the Court of Claims granted plaintiffs' motion for a preliminary injunction and enjoined defendants from enforcing the rules. On October 25, 2019, defendants filed an application for leave to appeal in the Court of Appeals and a bypass application for leave to appeal in this Court.

By granting the preliminary injunction, the Court of Claims judge suspended the implementation of rules enacted under the law by the executive branch with the specific concurrence of the Governor. It is "a matter of considerable constitutional consequence when a single judge delays the implementation of a legislative measure approved by 148 legislators and one governor, each acting on behalf of 'we the people.'" *Council of Organizations & Others for Ed About Parochiaid v Michigan*, 501 Mich 1015, 1022 (2018) (MARKMAN, C.J., dissenting).[2] And it is also a matter of considerable constitutional consequence when a single judge delays the implementation of an executive measure approved by the Governor. It is a matter of consequence "for the constitutional architecture of this state," *id*. at 1015, in particular, "for our constitutional system of separated powers[,] when a [judge] enjoins the executive authority from undertaking an action," *Smith v Dep't of Human Servs Dir*, 491 Mich 898, 898 (2012) (MARKMAN, J., dissenting). "Such a case raises a question of 'considerable delicacy, as it requires one of the co-ordinate branches of the government to pass its judgment on the acts of another, and the presumption is that the executive department has the same desire to keep within constitutional limits as either of the other two.'" *Id*., quoting

---

are also implicated here. Indeed, a preliminary injunction arguably implicates these values to an even greater degree by suspending presumptively lawful actions enacted by the representative branches of government in the *absence* of an actual ruling of constitutional invalidity.

[2] In *Council of Organizations,* the plaintiffs filed suit in the Court of Claims challenging the constitutionality of MCL 388.1752b, which allocates funds to provide reimbursement for "actual costs incurred by nonpublic schools in complying with a health, safety, or welfare requirement mandated by a law or administrative rule of this state." MCL 388.1752b(1). The Court of Claims, in that case as here, granted plaintiffs' motion for a preliminary injunction, which prevented the disbursement of funds under that law. The Court of Appeals and this Court denied leave to appeal over my dissent.

*Dullam v Willson*, 53 Mich 392, 397 (1884). Because the decision here of the Court of Claims had the effect of entirely halting the implementation of rules enacted by the executive branch, it warrants, in my judgment, the most expeditious, and the most final, review by the highest judicial authority of this state.

This need for expedited review is underscored in the present case by the fact that the issue may well be rendered moot before this Court even has an opportunity to address the issue. The rules in dispute are effective only until April 2, 2020, and the parties' briefs are not due in the Court of Appeals until February 3, 2020. This leaves an extremely short period of time for the Court of Appeals to issue an opinion, an appeal to be filed in this Court, and this Court to hear arguments, review the case, and issue a decision. In other words, the rules may well expire before they have ever been enforced, notwithstanding a presumptively valid decision by the Governor of this state to have these rules enacted. In order to avoid such "government by injunction," I would grant defendants' bypass application. I would do so not necessarily to reverse the injunction, but to affirm the proposition that the judiciary must act with the greatest dispatch in resolving the constitutional validity of actions undertaken by representative public institutions, where such actions have been enjoined by the judiciary.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 27, 2019



Clerk

t1226